KLIEBERT, Chief Judge.
The accident which gave rise to this litigation occurred on Tuesday, July 5, 1988 at approximately 6:00 P.M. in the Town of Destrehan, in the Parish of St. Charles on U.S. Highway 61 (also known as the Airline Highway) at its intersection with Ormond Boulevard. The intersection was controlled by signal lights on the date of the accident. There is a designated left turn lane for traffic heading west on Airline Highway to turn onto Ormond Boulevard, which left turn is “protected on arrow only.”
Just prior to the accident, plaintiff, Kevin E. Turner, was operating his 1988 Hyundai automobile, in which plaintiff, Donna J. Mitchell, was a guest passenger, in an easterly direction on Airline Highway approaching the intersection. Over the roadway some 1000 feet west of the intersection are yellow flashing “signal ahead” signs. Turner had entered Airline Highway at its intersection with East Harding which is some 300 yards to the west of the flashing lights.
At the area with which we are concerned, the Airline Highway has two travel lanes in each direction. Turner entered the right travel lane and proceeded in it in an easterly direction. As he entered, his vehicle was passed in the left lane by a 1986 Ford van owned by the Louisiana Department of Environmental Quality, Water Resources (hereinafter sometimes referred to simply as “DEQ”) and driven by its employee, Thomas L. Bradley. The two vehicles then continued to the east toward the intersection at approximately the same rate of speed with the Ford van to the left and approximately two car lengths in front of the Hyundai.
Meanwhile, defendant, Betty B. Deslatte was operating her 1977 Ford pick-up truck in a westerly direction on Airline Highway preparatory to making a left turn from Airline Highway onto Ormond Boulevard at the subject intersection. As she proceeded with her left turn across the left lane of travel of Airline Highway for vehicles headed in an easterly direction, her vehicle was struck in the right rear quarter panel by the DEQ van, causing her pick-up to spin around across the intersection striking a vehicle owned and operated by Thomas F. Griffin which was stopped for the red light on Ormond Boulevard waiting to enter Airline Highway. After the DEQ van struck the Deslatte truck it went down the *698 Airline Highway, still in an easterly direction, but into the right lane of travel where it and the Hyundai automobile collided.
By what was styled a “Subrogation Petition” the State of Louisiana through the Office of Risk Management, Division of Administration, Office of the Governor, filed suit No. 35,447 of the Docket of the lower court on June 19, 1989 against Betty B. Deslatte and State Farm Mutual Automobile Insurance Company, her alleged liability insurer, seeking damages for the 1986 Ford van which was alleged to have been totally destroyed.
On June 23, 1989 Kevin E. Turner and Donna J. Mitchell instituted suit No. 35,464 of the docket of the court below against Kenneth A. Deslatte and Betty B. Deslatte and their insurer, State Farm Mutual Automobile Insurance Company, seeking damages for loss of value to property and for personal injuries. By amended petition filed on October 3, 1990, it was alleged that Thomas Bradley had contributed to the occurrence of the accident by failing to maintain reasonable control over his vehicle and that DEQ was responsible for his actions. Also, in the amended petition the Louisiana Department of Transportation and Development was made a party defendant, it being alleged that it was in charge of the proper functioning of the traffic device that controlled the flow of traffic at the intersection.
State Farm filed answers in the two suits filed against it generally denying the allegations of the plaintiffs and pleading affirmative defenses. In the suit by DEQ a Reconventional Demand was filed and in the suit by Turner and Mitchell, a Third-Party Demand, the basis of both being that the accident was due to the fault of Bradley and that DEQ was responsible for his actions.
By order of the lower court dated July 24, 1989 the then matters were consolidated for trial. On January 10, 1990, Sovereign Fire and Casualty Insurance Company filed a petition for intervention in the suit No. 35,464 seeking recovery of property damage paid for the Hyundai automobile in the amount of $3,900.67. After all demands had been answered the matter was heard and decided by the judge of the lower court on May 3, 1991.
The judgment of the trial court found that neither Kevin Turner nor Betty B. Deslatte was guilty of negligence but that the accident was caused solely by the joint and concurrent negligence of Bradley and the Department of Transportation, each to the extent of 50%, and made awards as follows:
In favor of Kevin E. Turner and against Bradley and the State through DEQ and State through the Department of Transportation and Development, in solido, in the sum of $8,447.63;
In favor of Donna J. Mitchell and against Bradley and the State through DEQ and the State through the Department of Transportation and Development, in solido, in the sum of $5,475.15;
In favor of Betty B. Deslatte in the amount of $100.00 and in favor of State Farm Mutual Automobile Insurance Company in the amount of $1,223.07 against Bradley and the State through DEQ, in solido;
In favor of Sovereign Fire and Casualty Insurance Company against Bradley and the State through DEQ, in solido, in the amount of $1,850.38, all sums with legal interest from date of judicial demand, and
Dismissing the claims of the State of Louisiana, through the Office of Risk Management, Division of Administration, Office of the Governor and the State of Louisiana through the Department of Environmental Quality at their cost.
Devolutive appeals were taken by the State through the DEQ and by Kevin E. Turner and Donna J. Mitchell. A suspen-sive and/or devolutive appeal was taken by the State through the Office of Risk Management.
The record contains the testimony of the following:
(A) Kevin E. Turner and Donna J. Mitchell (who had been married to the latter previous to the time of trial) who *699 were riding together in the 1988 Hyundai automobile east on Airline Highway;
(B) Thomas L. Bradley, who was driving the 1986 DEQ Ford van also going east on Airline Highway;
(C) Mrs. Betty B. Deslatte, the driver of the 1977 Ford pick-up truck who was negotiating a left turn from Airline Highway and her two daughters, Mrs. Rachael Trim and Brandy Deslatte, who were with her and who were 17 and 11 years of age respectively at the time of the accident;
(D) Deputy Carmouche of the St. Charles Parish Sheriffs department who investigated the accident and St. Charles Parish Sheriff Johnny Marino who together with Deputy Carmouche testified as to the signal light at the intersection of Airline Highway and Ormond Boulevard and a supplemental report of the accident which was made with respect thereto;
(E) Thomas Griffin, who was stopped on Ormond Boulevard preparatory to crossing the Airline Highway and going to Gonzales;
(F) Kevin Hauge, whose vehicle had been stalled to the east of the intersection, who had been “jumped started” by Mrs. Deslatte and who had proceeded on westward through the intersection on a green light just ahead of Mrs. Deslatte as she proceeded to make her left turn, and
(G) Kenneth Allen Mason, employee of DOTD as District Traffic Operations Specialist, who testified with respect to the signal light and the subject intersection and, to some extent, traffic control signals in general.
Following the taking of testimony the trial judge assigned from the bench oral reasons for his judgment, the pertinent portions of which are as follows:
“All right. The Court has no reason to believe — to disbelieve, rather, the plaintiffs in this case, Kevin Turner and his now wife, and finds that they were traveling within a lawful speed; that an accident did in fact take place in front of them, and in such a fashion that there was nothing that Kevin Turner could do to avoid the subsequent collision that he had with the State vehicle. Accordingly, the Court finds that there was no comparative negligence on the part of Mr. Turner, and that he and his current wife are entitled to recover for their damages. The Court finds that there is no reason to disbelieve the testimony of the Des-latte family, all three of whom were in the vehicle. Mrs. Deslatte, her daughter of 11 years, and an older daughter, who all testified that their mother commenced to make a left turn while the arrow was green. The Court does not doubt Mrs. Deslatte when she says that she was making that turn, and glancing, the light had become amber.
The Court does not doubt Mr. Bradley’s testimony that the light turned green while he was still some distance away from it.
However, the Court is of the opinion that given the circumstances of the weather at hand, the condition of the road, that it being wet, that rain had been occurring on and off intermittently, the Court finds that Mr. Bradley was going too fast under the circumstances and that had he been going just a little more cautious, that he could have avoided this accident. As it was, Mr. Bradley hit the extreme right rear passenger panel quarter, which would indicate to the Court, based upon the length of this Ford vehicle, this Ford truck, that Mrs. Deslatte almost made it across that innermost eastbound lane. Even though somewhat deceptive, be the pictures, the Court feels that it was a strong collision, that it picked this Ford truck up, swung its rear end around, and placed it almost on the center of the neutral ground, the median of the neutral ground, because that is attested to by the fact that Mr. Griffin’s vehicle was actually struck by the rear end of the bumper of this pickup truck. The Court finds that the manner in which the State has the light sequenced and the fact that there is not an all red phase after the green arrow and then the amber arrow, which would make it absolutely safe for traffic proceeding through on *700 Airline Highway or making the left turn, could clearly clear the distances needed. The Court finds that the State is negligent in its sequencing of the light in that fashion.
The Court further finds that is so, in light of the fact that you’re not just making a left turn but you’ve got to make a rather oblique 45-degree turn and travel a considerable distance across the eastbound lanes of Airline Highway to get to the right-hand lanes of the Ormond Boulevard.
Consequently, the Court will apportion the damage in this case 50 percent to Mr. Bradley who was driving the Division of Environmental Quality’s vehicle, because he was going too fast and could have avoided this accident by going a little bit slower under the circumstances, and 50 percent to the State Department of Transportation because of its improper sequencing of the light and failure to provide a safe left turn situation for the traveling public.
This Court will award damages as follows to Mr. Kevin Turner — I think that’s his name — of $6,000 for his pain and suffering and general damages, plus his specials. His specials will include his medical bills, the amount of time he lost from work, based upon the hours that he was earning at the time. Likewise, it will include the amount of money that he spent for a rental vehicle. With respect to the damages for Mrs. Turner now, the Court finds that she was not injured so severely; that she was able to play basketball again in October, which was probably the thing that hurt her the most; that she’s entitled to damages in the amount of $4,000 plus the special damages which she incurred in connection with the medical expenses.
* * * * * *
I’m not saying anybody is lying. In fact I did not find anybody to be lying in this particular case, although the testimony appears to be diametrically opposed. The only thing I’m saying is that Mr. Bradley was going a little bit too fast; I believe the Deslattes; and I believe that the State was negligent in the sequencing of those lights by failing to have an all red phase that would protect the traveling public.
* ⅝ * ⅜ ⅜ *
I’m saying when the Deslatte started its turn, it had a protected left turn on arrow signal. I’m saying when Mr. Bradley went through the intersection, he had a green signal. Yes, I’m saying that. I’m just saying that Mr. Bradley was going too fast. By going slower, he could have avoided, perhaps, the accident. And I’m saying that the State is negligent because of its sequencing of its lights.”
The Department of Transportation and Development assigns as error: 1) the finding that it was negligent in sequencing the signal lights at the intersection, 2) failure of the lower court to apply the standard of R.S. 9:2800 to the facts, 3) failure to find Betty B. Deslatte guilty of negligence which was a proximate cause of the accident, and 4) failure to find Kevin E. Turner guilty of comparative negligence which was a proximate cause of the accident.
The DEQ assigns as error: 1) the finding that Mr. Bradley was negligent in traveling too fast for the condition of the roadway, and 2) in failing to find Betty B. Deslatte guilty of negligence which was a proximate cause of the accident.
Kevin E. Turner and Donna J. Mitchell submit that the judgment of the trial court should not be disturbed or, alternatively, that Betty B. Deslatte should be decreed to have been at fault which contributed to the accident and she and her insurer cast in judgment.
Betty B. Deslatte has neither appealed nor answered the appeals.
We address ourselves first to the determination of the lower court that the DOTD was negligent in sequencing the light with no red phase after the green and then amber arrows. The difficulty with this finding is that the record is absolutely devoid of any evidence, expert or other, which would warrant this conclusion.
*701 Mr. Mason testified simply that the green left-turn arrow comes on for 15 seconds, after which the amber arrow appears for 4 seconds and when that goes off, there is a “green ball and a green light” in the east-bound lane. Deputy Carmouche made it plain that he had checked the light and that it sequenced properly. The deputy also explained that as long as the green and amber arrows are on for west-bound traffic, the light for east-bound traffic is red but that instantaneously with the amber arrow for the west-bound lanes going off, the green light for the east-bound lanes comes on.
Mr. Mason explained that the timing of the lights at all intersections is not the same and that at some heavily travelled intersections the amber arrow may be on for as long as 6 or 7 seconds followed by an all-red phase. The time intervals and the selection of lights of individual intersections is a determination made by the Department’s engineers, he stated.
While it may well be that a longer sequence or some other modification of the control at this intersection would be more appropriate and in furtherance of the public safety, there is simply no evidence, as stated above, in the record to that effect. The trial judge’s conclusion of negligence on the part of the Department is unsupported, unwarranted and cannot stand.
Having concluded that there is no proof of negligence on the part of DOTD, the remaining question concerns the assignment of negligence as between Mr. Bradley and Mrs. Deslatte. The trial judge’s conclusion that everyone told the truth is obviously unacceptable — either Mrs. Deslatte made an unprotected left turn which was the cause of the accident or Mr. Bradley ran a red light while Mrs. Deslatte was making a protected turn and his negligence caused the accident. We resolve the issue by concluding that the former is what took place.
Mr. Turner testified that he approached the intersection at a speed of from 40 to 45 miles an hour, that the van was about two car lengths ahead and that the light was green. This testimony was corroborated by Donna Mitchell and also by Thomas Griffin who was stopped on Ormond Boulevard and who also saw the Bradley Van. Mr. Bradley estimated his speed at 45 miles an hour before the intersection and slower still as he neared it.
The trial court accepted the testimony of Mr. Turner, both as to his speed and the fact that as he approached the light it was green. In fact, as reflected by his oral reasons, he even concluded that “when Mr. Bradley went through the intersection, he had a green signal.” These conclusions, we believe, are correct; his conclusion that Mr. Bradley “was going too fast,” however is incorrect. His speed, as testified to by him and the three other witnesses mentioned was no more than that of Mr. Turner, i.e., 40 or 45 miles per hour as he approached and there is no direct testimony to the contrary.
For the reasons assigned the judgment appealed from is reversed and it is ordered that the demands of Betty B. Deslatte and State Farm Mutual Automobile Insurance Company be dismissed, that all demands against Thomas L. Bradley, the State of Louisiana through the DEQ and the State of Louisiana through the DOTD be dismissed and that there be judgment against Betty B. Deslatte and State Farm Mutual Insurance Company as follows:
In favor of Kevin E. Turner in the sum of $8,447.63;
In favor of Donna J. Mitchell in the amount of $5,475.15;
In favor of Sovereign Fire and Casualty Company in the amount of $1,850.38;
In favor of the State of Louisiana, through the Office of Risk Management, Division of Administration, Office of the Governor, in the amount of $6,555.00; all with legal interest from date of judicial demand until paid. Each party is to bear his own costs.
REVERSED AND RENDERED.